UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FREDERICK MONROE,

                         Petitioner,

            -against-                                     05 Civ. 6704 (LAK)

ARTUS DALE,

                         Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        On June 28, 2005, Frederick Monroe applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His application states that he has no petition or appeal now pending in any court regarding the judgment of conviction that he challenges. Elsewhere, however, it indicates that he commenced a proceeding in New York Supreme Court under Section 440.10 of New York's Criminal Procedure Law, but it does not indicate the result of this proceeding, if any, or whether he applied under Section 460.15 of the Criminal Procedure Law to the Appellate Division for leave to appeal the result, if any, of the Section 440.10 motion. Moreover, in an appended letter addressed to the Clerk of Court, the petitioner expresses concern about the statute of limitations for federal habeas corpus applications and asks that his petition be held in abeyance until he has exhausted avenues for post-conviction relief in New York State Supreme Court. It thus seems likely that the petitioner has not yet exhausted his remedies in state court, which ordinarily would require dismissal of the petition.

        It appears that if the Section 440.10 motion proves to be not properly filed, the petitioner could be quite close to or already at the end of the limitations period for § 2254 actions, which is not tolled by the filing of such an action. *See Duncan v. Walker*, 531 U.S. 991, 121 S. Ct. 2120, 150 L. Ed.2d 251 (2001). The U.S. Supreme Court has explained that a "prisoner seeking state postconviction relief might avoid" the predicament of spending time seeking relief in state court only to learn, after the federal limitations period has expired, that the application in state court was not properly filed, "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 125 S. Ct. at 1813.

        Most of the cases addressing whether a petition containing unexhausted claims may be stayed rather than dismissed concern so-called "mixed" petitions, in which some claims have been exhausted in state court and some claims are raised for the first time in the federal habeas corpus application. Here, however, even if some of the claims are being raised for the first time in this

petition – a point on which the Court has formed no view – none of them has been exhausted in state court because the Section 440.10 proceeding still is pending, so far as the Court can determine.

The Supreme Court has explained that "district courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion. AEDPA does not deprive district courts of that authority, but it does circumscribe their discretion. Any solution to this problem must therefore be compatible with AEDPA's purposes" of "reduc[ing] delays in the execution of state and federal criminal sentences." *Rhines v. Weber*, 125 S. Ct. 1528, 1534, 161 L. Ed.2d 440 (2005) (citations omitted). "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id*. at 1535 (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).

Because the federal limitations period may be close to or past the expiration date, and the Court has no information on the status of the state court proceeding, the Court, in the exercise of discretion, will hold the petition in abeyance while the petitioner pursues his Section 440.10 motion and, assuming denial of relief, seeks leave to appeal under Section 460.15.

Accordingly, the case is transferred to the suspense docket. The petitioner shall advise the Court within 30 days of the denial of any Section 460.15 application, or the granting of any relief in state court. If the petitioner does not so advise the Court, the case will be subject to dismissal with prejudice. The Court reminds the petitioner, who indicated that he has no petition or appeal now pending in any court even though the contrary would appear to be the case, that all statements in his petition are made under penalty of perjury.

SO ORDERED.

Dated: August 9, 2005

Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)